The opinion of the Court was delivered by
Dunkin, C. J.
By virtue of their charter, 11 Stat. 324, the plaintiffs are vested with the rights and subject to the obligations incident to corporations, among which are those of instituting suits; see case of Sutton's Hospital, 5 Co. Rep. 36. The motion in arrest of judgment presents the inquiry whether a corporation can maintain the action of trespass quare clausum fregit.
It was for some time doubted whether such action could be maintained against a corporation; and for the reason that the action supposes a personal act on the part of the defendant, of which the corporation is incapable in its collective capacity. But in this State no such doubt can exist since the case of Main vs. N. E. Railroad Co., 12 Rich. 82, where it was authoritatively adjudicated, that such action might be maintained against a railroad company or other similar corporation. No reason of this kind exists against the right of a corporation to maintain such action; accordingly no case has been brought to our notice affirming the incapacity of the corporation to maintain such action, and, in many cases, the contrary is assumed without challenge, as in the municipal corporation of Shrewsbury vs. Smith, 14 Pick. R. 297, which was an action of trespass quare clausum fregit for ploughing a large part of the land called the Shrewsbury “ Common.” Chief Justice Shaw, sustaining the judgment against the defendant, says: “It is a settled rule of law, that any actual possession of real estate is sufficient to enable the party in possession to *244 maintain trespass quare clausum fregit against a stranger; and every one must be deemed a stranger, who can show no title and no older possession.”
The opinion of tbe Legislature as to tbe right of this corporation to institute such proceeding may be incidentally inferred from the fifteenth section of the charter.
After providing for the punishment criminally, by fine and imprisonment, of unlawful intruders upon the road, besides - rendering them liable to a civil action for damages, it is declared “that the provisions of the Act in this respect shall be extended as well to the owners of the lands through which the road may be constructed as to other persons, and no owner, or other person claiming under him, or her, shall avoid the said provisions by the plea of liberum tenementum, or by any other plea whatever.” This, it is familiarly known, i§ the appropriate plea, on the part of one claiming title, to the action quare clausum fregit, and it may well be regarded as a recognition of the right of the corporation to maintain such suit.
The first ground in the motion for a new trial imputes error in the charge of the presiding Judge, that inferences of “the direction or consent of the defendant to the trespass” might be deduced from certain circumstances therein enumerated.
It is not necessary to recapitulate those circumstances. It may be that no one of the facts would, of itself, warrant the inference, and yet, when taken together, they may produce belief, which is the object of all evidence. In 1 Greenl. Ev. § 51, a, it is said: “It is not necessary that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof; although alone, it might not justify a verdict in accordance with it.” All the circumstances mentioned in this ground may be regarded as links in the chain of proof from which the jury might deduce the inference of the defendant’s *245 privity and direction in the acts of trespass. This is usually the case where an issue depends on circumstantial evidence. Among the circumstances was the fact that, having the opportunity to take the stand and exculpate himself, the defendant declined to do so. The wisdom or policy of the recent law of evidence, on which the defendant’s counsel have animadverted, is not a matter for the consideration of the Court. Experience will probably afford the safest test. But if no such law had existed, the defendant, if innocent, might well regret that he was not permitted to remove, by a word of explanation or denial, the doubtful inference deduced from circumstances. The law affords him such permission, and he declines to avail himself of the opportunity. We cannot say that the Court erred in charging the jury, that this, among other circumstances, might be taken into their consideration.
Again: it is objected that " his Honor erred in charging the jury, that, if they believed the defendant to be actuated by malicious or revengeful motives, they might find exemplary damages to any amount, thus instructing the jury to draw an inference where there was no proof.” If by this it be meant to affirm that, in an action of trespass, which the jury believed malicious and revengeful, the amount of the verdict must be restricted to the damages proved, the proposition wants the support of authority. Nor is it deemed necessary to go beyond our own case of Rowe vs. Moses, 9 Rich. 425. Mr. Justice O’Neall, speaking for the Court, says, that the right of the jury, in actions for malicious torts, to find vindictive damages, had never before been questioned within his knowledge. He quotes what was said in Chancellor vs. Vaughan, 2 Bay, 416: "It was the province of the jury to weigh well and consider all the circumstances of the case, and to assess such damages as they thought would be commensurate with the injury, and such as would effectually check such an evil.” Golding vs. Williams, Dudley, 92, was an action of trespass guare clausum fregit, in which the jury *246 found a verdict of five hundred dollars against the defendant for a high-handed trespass in passing through the plaintiff’s plantation with his wagon and team, although the only actual damage was some unimportant injury in breaking his gate and lock ; and the Court of Appeals refused to disturb the verdict.
As to the fifth and last ground, the Court have only to remark that, if the jury deduced a correct conclusion from the i facts, which were peculiarly for their consideration, the defendant has little cause to complain of the amount of damages awarded.
The motion in arrest of judgment as well as that for a new trial is dismissed.
Warduaw and Inglis, J. J., concurred.

Motions dismissed.